IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY A. COLLINS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CIVIL NO. 98-cv-156-WDS<br>CRIMINAL NO. 91-CR-30018-WDS-1 |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's *pro se* motion to dismiss his appeal (Doc. 35) and motion to alter or amend judgment filed in the above enumerated civil case (Doc. 36), and criminal case (Doc. 583).

This Court previously construed petitioner's request to "transfer" the case to the Court of Appeals as a request for issuance of a Certificate of Appealability. Petitioner contends the appeal is premature because the petitioner has filed a Rule 59(e) motion to amend judgment, and he wishes to wait to file his appeal until after the Court has ruled on his motion. The Court, however, did rule on his motion seeking relief from judgment, dismissing it for lack of jurisdiction, in the same Order in which it construed petitioner's request for transfer to the Court of Appeals as a request for issuance of a Certificate of Appealability (Doc. 31). At the time of the noted Order, no motion pursuant to Rule 59(e) was pending. Petitioner later filed a motion to alter or amend judgment pursuant to Rule 59(e) (Doc. 36), after filing his motion to dismiss the appeal. Regardless, the Court of Appeals has dismissed petitioner's appeal upon his request, pursuant to Federal Rule of Appellate Procedure 42(b) (Doc. 37) (United States Court of Appeals for the Seventh Circuit No. 10-3733,

December 7, 2010). Accordingly, petitioner's motion to dismiss appeal (Doc. 35) is **DISMISSED**.

In petitioner's motion to alter or amend judgment (Doc. 36), he asks this Court to reconsider its Order entered November 22, 2010 (Doc. 31), in which it dismissed petitioner's previous Rule 60(b)(4) motion for lack of jurisdiction. Petitioner filed an identical motion in his criminal case (Doc. 583, 91-CR-30018-WDS-1). Because the motions filed in the civil and criminal case are identical, the Court will consider both motions collectively.

## BACKGROUND

Petitioner filed his initial motion pursuant to 28 U.S.C. § 2255 on February 25, 1998, in this civil action (Doc. 1). Petitioner's initial motion was denied and the case was dismissed with prejudice as time barred on June 10, 1998 (Doc. 4). On June 22, 1998, petitioner filed a motion to reconsider the dismissal (Doc. 6), which this Court granted (Doc. 8). The Court later granted in part and denied in part the motion to vacate, set aside, or correct sentence as follows: the Court granted the motion as to Count 2 only, and the conviction and sentence on Count 2 was vacated and set aside, and a $50.00 special assessment was refunded to petitioner; petitioner's sentence of life without parole on Counts 1 and 12, and 240 months on Count 13 were unaffected, and the motion was denied on all other grounds and dismissed with prejudice (Doc. 9). Judgment was entered on this ruling on September 18, 1998 (Doc. 10).

Petitioner appealed this decision, but the Seventh Circuit dismissed the appeal on July 7, 1999 (*Collins v. United States*, No. 99-2226, 99-2227). While his appeal was pending, petitioner filed with this Court a motion for reconsideration (Doc. 12), and a motion to amend or correct dismissal of petitioner's 2255 motion (Doc. 16), both of which the Court denied on May 12, 1999 (Doc. 17). Petitioner appealed again, and the Seventh Circuit denied his request for a certificate of

appealability on July 14, 2000 (Doc. 28).

Nearly ten (10) years later, on February 11, 2010, petitioner filed a motion seeking relief from final judgment and the reopening of his § 2255 petition, or alternatively, transfer of his case to the Court of Appeals (Doc 30), asserting that he is entitled to relief because all of the claims alleged in his § 2255 and Rule 33 motions were not addressed.  The Court dismissed this motion for lack of jurisdiction and denied petitioner's request for a Certificate of Appealability (Doc. 31).  In the same Order, this Court also dismissed for lack of jurisdiction petitioner's motion to correct clerical error, filed in his criminal case (Doc. 583, 91-CR-30018-WDS-1).

Currently pending before the Court is petitioner's motion to alter or amend judgment (Doc. 36), and an identical motion filed in his criminal case (Doc. 583, 91-CR-30018-WDS-1).  Petitioner asks the Court to reconsider its Order entered November 22, 2010 (Doc. 31).

## **ANALYSIS**

Petitioner's previous motion for relief was brought pursuant to Fed. R. Civ. P. 60(b)(4).  This Court determined that petitioner was not entitled to relief pursuant to that Rule, and that his claims were merit-based, and therefore constituted a successive motion within the meaning of § 2255, for which the petitioner must first obtain leave of the Court of Appeals before filing with this Court (Doc. 31).

Petitioner now claims that he is entitled to relief pursuant to Fed. R. Civ. P. 59(e), because the Court "failed to address the second part of the claim alleging that the standard to determine the merits to the claim was not applied" (Doc. 36).  Petitioner made this identical argument in his motion pursuant to Fed. R. Civ. P. 60(b)(4).  Nevertheless, he persists in renewing his argument that the Court did not apply the correct standard to his claims in both his § 2255 petition, and the Rule

33 motion filed in his criminal case. Petitioner continues to claim that he is not disputing the merits of the claim, but only that the wrong standard was used by the Court. Petitioner asserts that the Court made an error in its analysis of his claims, even though the Court fully considered these claims, as noted in the Court's previous Order (Doc. 31). Petitioner is asking this Court to reconsider its decision on the Rule 60(b)(4) motion, which the Court found to be a successive habeas petition for which it did does not have jurisdiction to consider until petitioner has obtained leave of the Court of Appeals.

> Relief pursuant to Rule 59(e) is an extraordinary remedy, and a motion pursuant to it:
>
> allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. The rule does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.

*Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citations omitted). A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), serves three very limited purposes in federal civil litigation, and applies only when there is: newly discovered evidence; an intervening change in the controlling law; or manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), cert denied, 519 U.S. 1040; *Moro v. Shell Oil Co.*, 91 F.3d at 876; *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). A motion for reconsideration, however, "is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment." *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999).

Petitioner has not presented new evidence, manifest error of law or fact, or an intervening

change in controlling law, and therefore no grounds exist which warrant reconsideration of the Court's Order which dismissed petitioner's motion pursuant to Fed. R. Civ. P. 60(b)(4) for lack of jurisdiction. Petitioner simply repeats the same arguments made in his original motion for reconsideration. The Court refuses to completely rehash its entire ruling on that motion here. As the Court previously determined, petitioner's motions pursuant to Fed. R. Civ. P. 60(b)(4) and 59(e) can only be categorized as successive habeas petitions, in that the motions "attack[] the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Petitioner's current motions consist of merits-based attacks on the Court's previous decisions. The Court, therefore, **FINDS** that petitioner's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) is a successive motion within the meaning of § 2255, and that the Court has no jurisdiction to consider its merits, and the motion to alter or amend judgment (Doc. 36) is **DISMISSED**. The identical motion filed in petitioner's criminal case (Doc. 583, 91-CR-30018-WDS-1) is, for the same reasons noted above, **DISMISSED.**

## CONCLUSION

Accordingly, petitioner's motion to dismiss his appeal (Doc. 35) is **DISMISSED**. Petitioner's motion to alter or amend judgment (Doc. 36) is **DISMISSED** for lack of jurisdiction. Petitioner's motion to alter or amend judgment, filed in his criminal case (Doc. 583, 91-CR-30018-WDS-1), is also **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATE: <u>September 8, 2011</u>**         <u>/s/  WILLIAM D. STIEHL    </u>
                                              **DISTRICT JUDGE**